OPINION r f the Court, by
Ch. J. JBoYLE
— This was an action c>( debt, upon a note for the payment of *⅛ eighty- nine dolían, to i>c discharged in good merchan-Salde brick, common brick at tour dollars per thousand, and sand brick at five dollars per thousand, to be delivered at the bouse of said Craig, in the town oí Shelhyville, on or before the fust day of August next.” The defendant failing to appear, judgment was taken by default against him ; to which he prosecutes this writ of error. The only question is, whether.an action of debt will lie in this case ?
It is a settled doctrine of the common law that debt will not be upon a contract for the delivery of property or the performance of any other duty except the pay-, msnt of money. This doctrine has been recognized by the decisions of this court in the cases of Watson and M'Call vs. M'Nary, (vol. 1, p. 356.) Bruner vs. Kelso (vol. 1, p. 467.)
In principle we can perceive no difference between these cases and the one before the court. In either case the sum mentioned is not the thing to be paid, but is merely the medium by which the value or Quantity of the thing contracted to be paid is to be ascertained. The expression “ to be discharged in good merchantable brick,” &c, cannot be construed as was contended; in argument to give an election to the debtor to pay* in bricks or not, as might suit his convenience, but plainly imports an imperative obligation.
The same phraseology is used in the stipulation with respect to the place and time of the delivery of the bricky, vet no one can doubt that it was not the imen *585 tion of the parties that the debtor should hare an election to deliver them when and where he pleased.
We are therefore of opinion that the action was misconceived, and consequently that the judgment is . r: • fteous, and must be reversed.